Roy J. and Marge J. Gosselin v. Commissioner.
Gosselin v. Commissioner
Docket No. 47908.
United States Tax Court
T.C. Memo 1955-33; 1955 Tax Ct. Memo LEXIS 306; 14 T.C.M. (CCH) 116; T.C.M. (RIA) 55033; February 8, 1955
*306 Held, the petitioners have not shown that they furnished over one-half of the support of the wife's mother for the year 1949. Marge J. Gosselin, 4650 Elvas Avenue, Sacramento, Calif., pro se. Wayne L. Prim, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: Respondent determined a deficiency in income tax in the amount of $99.62 for the year 1949. The only question for decision is whether the mother of Marge may properly be claimed as a dependent in the taxable year. Petitioners are husband and wife residing in Sacramento, California. Their income tax return for 1949 was filed with the collector of internal revenue for the first district of California. During 1949 petitioners lived in a house containing three bedrooms. Marge's mother and sister lived with petitioners during the entire year. The mother was an aged lady in failing health. The sister was partially blind and suffering from cataracts. During the taxable year the mother received each month the amount of $75 from the California Old Age Welfare Program, or a total of $900. The entire amount was expended for her support. She had no other income. *307 Petitioners claimed both the mother and sister as dependents in 1949. Respondent allowed the claim with respect to the sister, but disallowed the claim for the mother. Petitioners have the burden of proof. They must show that they contributed over one-half of the support for Marge's mother during the taxable year. Petitioners had no counsel and Marge represented them at the hearing and was the only witness. The record is in a very unsatisfactory state so far as evidence goes. It is uncontroverted that the mother had $900 of her own during the year which went for her support. Marge testified that petitioners also spent "around $1,900" for her mother's support. This figure is unsubstantiated by any record or itemization. We know little or nothing of petitioners' standard of living or the amount actually required for support. No canceled checks or books of any kind were presented and there was only the most general kind of testimony as to what the money was spent for. That the named figure of $1,900 is no more than an estimate (and evidently a high one) is shown by the fact that petitioners filed a Dependency Affidavit in December of 1951 with the Internal Revenue Service stating *308 that a yearly amount of $1,000 was needed to maintain the mother and of that amount petitioners contributed $589.37. Later, in the petition filed herein, the amount claimed to have been contributed for the mother's support was placed at $1,288. Thus petitioners have presented at least three different figures, none of which is substantiated by convincing evidence. Reluctant as we are to decide cases of this kind on the basis of failure of proof, we think we have no alternative here. Petitioners have not borne their burden. Decision will be entered for the respondent.